UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GARY SWAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-3350 |
| | ) | |
| LATOYA HUGHES, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and presently incarcerated at Graham Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### A.  Factual Allegations in the Complaint

Plaintiff alleges that over a period of four years he was inadequately treated by various Wexford Sources medical staff for severe abdominal pain, but did not receive a needed endoscopy until August 30, 2022, and still is being denied needed treatment.  On December 20,

2021, medical notes state that he saw a urologist and surgery was recommended.  However, the members of the Wexford Collegial Review Board—Defendants Dr. Willard O. Elyea, Michael Puisis, Dr. Steven Bowman, Dr. Louis Shicker, and Dr. Steven Meeks—denied the referral and treatment requests, and the procedure was delayed until August 30, 2022.[1]  Plaintiff alleges that the delays in treatment and in seeing outside providers were a result Wexford's widespread policy or custom of employing a cost-cutting "wait and see" approach.  Plaintiff also alleges that Defendant Dr. Sherry Simmons, the Chief Medical Director, delayed specialized treatment for Plaintiff's upper and lower G.I. issues.

Plaintiff further alleges that Defendant Simmons told him on March 8, 2022, that his blood and lab work were normal when it was not, and ordered Plaintiff to ingest medication. Plaintiff alleges this medication led to his March 9, 2022, "intestinal bleed out" and cardiac arrest.  Plaintiff alleges that he needed a blood transfusion and was "clinically dead."  Plaintiff alleges that Defendants Dr. Brian Miller, Dr. Steven Baker, and Dr. Karam Babaoin provided medical care after Plaintiff's heart attack on March 9, 2022.  Plaintiff includes details from medical records from Dr. Brian Miller, concluding that these records show a conspiracy to delay treatment.  However, the connection is unclear from the complaint.

On August 30, 2022, Plaintiff had an upper and lower endoscopy.  Plaintiff alleges that Defendant Dr. Abdul Monem Swied provided treatment related to Plaintiff's upper and lower endoscopy and is a private doctor employed at Memorial Medical Center.

---

[1] In one section of this complaint Plaintiff states Defendants Dr. Steven Barker and Dr. Karam Babaoin were on Wexford Collegial Review Board (Doc. 1 at 8), however in his factual allegations, Plaintiff asserts these individuals were private doctors who provided him care and work at St. John's Hospital in Springfield, Illinois, after his heart attack. (Doc. 1 at 18).  Plaintiff does not include any factual allegations that these Defendants participated in the collegial review that allegedly resulted in the initial denials of his endoscopy.

## B.  Discussion

### a.  42 U.S.C. § 1983

Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Dr. Simmons, Dr. Willard O. Elyea, Michael Puisis, Dr. Steven Bowman, Dr. Louis Shicker, and Dr. Steven Meeks.  *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc) (delay in receiving treatment and persistence in a treatment known to be ineffective can support an inference of deliberate indifference).  Plaintiff also states a claim against Defendant Wexford based on the allegations that his medical treatment was delayed for cost reasons pursuant to a widespread policy or custom.  *See Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

Defendants Tim Adesayna, Amanda Hildebrand, Anne Kogil, L. Gregory, L. Rosentreter, K. Macklenmore, C. Smith, B. Yoder, N. Muny, Venessa Pace, Lisa Krefer, and H Winkler are dismissed as defendants.  Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual.  Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Further, to state a Section 1983 claim a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").  Plaintiff's general allegations that these individuals played "supporting roles" in the deliberate indifference to his medical needs

and attachment of medical paperwork does not sufficient put any defendant on notice for what they did wrong.

Similarly, Plaintiff's only specific allegation against Defendant Stephanie Howard is that on one occasion she failed to see that her staff had incorrectly monitored or installed a catheter device resulting in a six day problem where Plaintiff could not urinate. These allegations do not show deliberate indifference on the part of Defendant Howard, and Plaintiff cannot proceed against Defendant Howard on a theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Defendant Howard is dismissed as well.

Plaintiff's allegations against Defendants Dr. Brian Miller, Dr. Steven Baker, Dr. Karam Babaoin, and Dr. Kbdul Monem Swied are too sparse to state a claim. While Plaintiff includes specific factual allegations relating to these Defendants, the Court cannot discern what specific actions that these Defendants took that Plaintiff believes violated his constitutional rights, other than generally being involved in his care. These Defendants are therefore dismissed.

Plaintiff also lists as defendants Wardens Glen Austin, Vernon Dewitt, and Steven Campbell. (Doc. 1 at 17). He alleges he filed emergency grievances with these individuals and that they are responsible for all staffing. Plaintiff cannot proceed against the wardens on a theory of respondeat superior. *Ashcroft*, 556 U.S. at 676. Plaintiff's statement that he filed an emergency grievance without further detail is insufficient to show personal involvement of any of the wardens in the deprivation of a constitutional right. These Defendants are also dismissed.

Plaintiff states he is suing Defendant LaToya Hughes, IDOC Director, because she oversees all grievances. However, "[p]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *see also George v. Smith*, 507 F.3d 605, 609 (7th

Cir. 2007) ("[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Accordingly, Defendant Hughes is dismissed.

The Illinois Department of Corrections is a state government agency not subject to suit for money damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). IDOC is, therefore, dismissed with prejudice.

### b.  Claims Under the ADA and RA

Plaintiff also seeks to bring his claims pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. 12101, et. seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, et. seq. To state a prima facie case of discrimination under both the ADA and the RA, a plaintiff must plead sufficient facts to show: (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).  Plaintiff's allegations do not relate to any ADA or RA violation.

### c.  State Law Medical Negligence Claim

Finally, Plaintiff also seeks to bring a state law medical negligence claim. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  Plaintiff's allegations of medical negligence against Defendant Dr. Simmons derive from the same facts as his Eighth Amendment deliberate indifference claim, so this Court will exercise supplemental

jurisdiction over the claim against Defendant Dr. Simmons.  However, this Court declines to exercise supplemental jurisdiction over any such claim against the other defendants for whom there are no other federal claims.  28 U.S.C. § 1367.

### Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case.  In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received or other objective evidence (e.g. mail log) showing that he sent the letters.  Plaintiff's motion is denied with leave to renew. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

**IT IS THEREFORE ORDERED:**

**1.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Dr. Simmons, Dr. Willard O. Elyea, Michael Puisis, Dr. Steven Bowman, Dr. Louis Shicker, Dr. Steven Meeks, and Wexford Health Sources.  Plaintiff states a state law medical negligence claim against Defendant Dr. Simmons.  Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that

defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Tim Adesayna, Amanda Hildebrand, Anne Kogil, L. Gregory, L. Rosentreter, K. Macklenmore, C. Smith, B. Yoder, N. Muny, Venessa Pace, Lisa Krefer, H Winkler, Stephanie Howard, Brian Miller, Steven Baker, Karam Babaoin, Abdul Monem Swied, Glen Austin, Vernon Dewitt, and Steven Campbell, LaToya Hughes, and the Illinois Department of Corrections as defendants.

12. The clerk is directed to attempt service on Dr. Sherry Simmons, Dr. Willard O. Elyea, Michael Puisis, Dr. Steven Bowman, Dr. Louis Shicker, Dr. Steven Meeks, and Wexford Health Sources pursuant to the standard procedures.

13. Plaintiff's Motion for Counsel [4] is DENIED with leave to renew.

Entered this 13th day of May, 2024.

_____/s/ Sara Darrow_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE